O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SHOLINDA M. MARSHALL,

            Plaintiff,

        v.

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social
Security,

            Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

NO. EDCV 13-00038-MAN

MEMORANDUM OPINION
AND ORDER

     Plaintiff filed a Complaint on January 10, 2013, seeking review of the denial of plaintiff's applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). On February 4, 2013, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on September 19, 2013, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits; and the Commissioner requests that her decision be affirmed or, alternatively, remanded for further

---

[1]    Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013, and is substituted in place of former Commissioner Michael J. Astrue as the defendant in this action. (*See* Fed. R. Civ. P. 25(d).)

administrative proceedings.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for a period of disability and DIB on October 9, 2009, and an application for SSI on October 14, 2009.  (Administrative Record ("A.R.") 10.)  Plaintiff, who was born on February 24, 1970,[2] claims to have been disabled since August 1, 2009, due to a seizure disorder, obesity, hypertension, and major depressive disorder.  (A.R. 12.)  Plaintiff has past relevant work experience as a home attendant, collections clerk, customer service clerk, and mail handler.  (A.R. 20.)

After the Commissioner denied plaintiff's claim initially and upon reconsideration (A.R. 73-77, 81-86), plaintiff requested a hearing (A.R. 87-88).  On December 6, 2011, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge William K. Mueller (the "ALJ").  (A.R. 47-68.)  Vocational expert Mr. Idus also testified.  (*Id.*)  On January 9, 2012, the ALJ denied plaintiff's claim (A.R. 10-22), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-3).  That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

In his July 16, 2010 decision, the ALJ found that plaintiff met the insured status requirements of the Social Security Act through March 31, 2011, and she has not engaged in substantial gainful activity since August 1, 2009, the alleged onset date of his disability.  (A.R. 12.) The ALJ determined that plaintiff has the severe impairments of seizure disorder, obesity, hypertension, and major depressive disorder, but she does not have an impairment or

---

[2]      On the alleged disability onset date, plaintiff was 39 years old, which is defined as a younger individual.  (A.R. 20; citing 20 C.F.R. §§ 404.1563, 416.963.)

combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).  (*Id.*)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with certain limitations.  (A.R. 14.)  Specifically, the ALJ found that, plaintiff:  could "lift up to 10 pounds occasionally and less than 10 pounds frequently"; could "stand and/or walk for two hours out of an eight-hour workday"; could "sit for six hours in an eight-hour workday"; and "is limited to simple routine repetitive tasks and must take seizure precautions."  (*Id.*)

The ALJ found that plaintiff was unable to perform her past relevant work.  (A.R. 20.)  However, based upon his RFC assessment for plaintiff and after having considered plaintiff's age, education,[3] work experience, and the testimony of the vocational expert, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform," including the jobs of "[o]rder clerk" and "[c]harge account clerk."  (A.R. 21.)  Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, from August 1, 2009, the alleged onset date, through January 9, 2012, the date of the ALJ's decision. (A.R. 21-22.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (citation omitted).

---

[3]     The ALJ found that plaintiff has a limited education and is able to communicate in English.  (A.R. 20.)

3

The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff claims the ALJ erred at step five in finding that plaintiff could perform the jobs of order clerk and charge account clerk, because, according to the Dictionary of Occupational Titles (the "DOT"), such jobs would require plaintiff to function at reasoning level 3 -- a reasoning level

4

which plaintiff contends is inconsistent with the ALJ's RFC assessment limiting plaintiff to "simple routine repetitive tasks."

## I.  The ALJ Committed Reversible Error At Step Five.

At step five of the sequential evaluation, the burden shifts from the claimant to the ALJ to prove that, based on the claimant's RFC, age, education, and past work experience, the claimant is able to perform work that exists in significant numbers in the national economy.  Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996); 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c), 404.1564, 416.920(a)(4)(v), 416.960(c), 416.964.  The ALJ can meet his burden at step five by either taking the testimony of a vocational expert or by referring to the Grids.  See Lounsburry v. Barnhart, 468 F.3d 1111, 1114-15 (9th Cir. 2006); see also Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999)(describing how the vocational expert's testimony and the Grids are used at step five).  If the ALJ chooses, as in this case, to rely upon the testimony of a vocational expert, the hypothetical posed to the vocational expert must be "accurate, detailed, and supported by the medical record."  Id.  If the hypothetical presented to the vocational expert does not reflect all of the claimant's limitations and/or is not supported by evidence in the record, the "[vocational] expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy."  Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993)(citation and internal quotations omitted); Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).

The ALJ has an affirmative responsibility to ask whether a conflict exists between the testimony of a vocational expert and the DOT.  SSR 00-4p, 2000 SSR LEXIS 8, at *9, 2000 WL 1898704, at *4; Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007).  If there is a conflict between the DOT and testimony from the vocational expert, an ALJ may accept testimony from a vocational expert that contradicts the DOT, but "the record must contain 'persuasive evidence to support the deviation.'"  Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001)(quoting Johnson

1 | v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)).  The ALJ must resolve any conflict by determining
whether the vocational expert's explanation is reasonable and provides sufficient support to justify
deviating from the DOT.  SSR 00-4p, 2000 SSR LEXIS 8, at *9, 2000 WL 1898704, at *4;
Massachi, 486 F.3d at 1153.  An ALJ's failure to do so, however, can be harmless error when
there is no conflict or the vocational expert provides a basis for relying on his or her testimony
rather than on the DOT.  Id. at 1154 n.19.

Based on the vocational expert's testimony at the December 6, 2011 administrative
hearing, the ALJ determined that plaintiff could not perform her past relevant work, but she could
perform the jobs of order clerk and charge account clerk, both of which require a reasoning level
of 3 according to the DOT.[4]  (A.R. 21; DOT § 209.567-014 [order clerk, food and beverage]; DOT
§ 205.367-014 [charge-account clerk (clerical)].)  However, although the ALJ relied upon the
vocational expert's statement that his testimony was consistent with the DOT, there appears to
be an inconsistency between the ALJ's RFC assessment, which limits plaintiff to simple routine
repetitive tasks, and his finding that plaintiff can perform jobs which, according to the DOT,
require a reasoning level of 3.

As relevant here, there is a split among the circuit courts on whether a limitation to simple,
routine, and/or repetitive tasks is compatible with the performance of jobs with a level three
reasoning as defined in the DOT.  Adams v. Astrue, 2011 WL 1833015 (N.D. Cal. May 13,
2011)(comparing Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005)(a surveillance
systems monitor job with a DOT reasoning level of three was not suitable for a claimant whose

[4]    "The DOT job descriptions include a 'General Educational Development' ('GED')
definition component which 'embraces those aspects of education (formal) and (informal) which
are required of the worker for satisfactory job performance.'"  Grisby v. Astrue, 2010 WL 309013,
at *2 (C.D. Cal. Jan. 22, 2010).  The GED is comprised of three scales, including a scale for
"Reasoning Development."  Id.  The GED reasoning development scale ranges from Level 1 (low)
to Level 6 (high).  Id.  Level 3 is defined as follows:  "Apply commonsense understanding to carry
out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving
several concrete variables in or from standardized situations."  DOT, Appendix C, 1991 WL 688702
(1991).

6

RFC limited her to "simple and routine work tasks") *with* Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009)(a claimant limited to "simple" work could perform the job of surveillance systems monitor, which had a reasoning level of three) *and* Renfrow v. Astrue, 496 F.3d 918, 920-21 (8th Cir. 2007)(a claimant with an inability to do "complex technical work" was not precluded from jobs with a reasoning level of three)).   Although the Ninth Circuit has yet to address this question, a number of courts in this Circuit have found that a limitation to simple routine repetitive tasks is inconsistent with a reasoning level of three.[5]

Accordingly, in view of the above authority, the Court concludes that a potential conflict exists between the ALJ's determination that plaintiff can perform simple routine repetitive tasks and his finding that plaintiff can perform jobs which, according to the DOT, require level 3 reasoning -- a conflict which the vocational expert neither identified nor explained.   As such, the Court cannot determine whether substantial evidence supports the ALJ's ultimate determination that plaintiff can perform other work that exists in significant numbers in the national economy.

---

[5]    As noted by the court in Torrez v. Astrue, 2010 WL 2555847 (E.D. Cal. June 21, 2010):

Several district court cases in this circuit question whether a claimant limited to simple, repetitive tasks, is capable of performing jobs requiring level three reasoning under the DOT.  In McGensy v. Astrue, 2010 WL 1875810 (C.D. Cal. May 11, 2010), the Court noted that while case law has held that "a limitation to 'simple, repetitive tasks' is consistent with level two reasoning," this restriction is "inconsistent" with the requirements for level three reasoning, in particular the job of *mail clerk*. *Id.* at *3 (citing Pak v. Astrue, 2009 WL 2151361 at *7 (C.D. Cal. July 14, 2009)("The Court finds that the DOT's Reasoning Level three requirement conflicts with the ALJ's prescribed limitation that Plaintiff could perform only simple, repetitive work"); Tudino v. Barnhart, 2008 WL 4161443 at *11 (S.D. Cal. Sept. 5, 2008)("[l]evel-two reasoning appears to be the breaking point for those individuals limited to performing only simple repetitive tasks"; remand to ALJ to "address the conflict between Plaintiff's limitation to 'simple, repetitive tasks' and the level-three reasoning"); Squier v. Astrue, 2008 WL 2537129 at *5 (C.D. Cal. June 24, 2008)(reasoning level three is "inconsistent with a limitation to simple repetitive work")).   In addition, in Bagshaw v. Astrue, 2010 WL 256544 at *5 (C.D. Cal. January 20, 2010), the court expressly cited Hackett [v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005)] in concluding that a *mail clerk* job, which requires level three reasoning under the DOT, was "inconsistent with [plaintiff's] intellectual functional capacity limitation to simple, routine work."

2010 WL 2555847, at *8-*9 (finding that the "DOT precludes a person restricted to simple, repetitive tasks, from performing work . . . that requires level three reasoning).

**II.   Remalnd Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id.* at 1179-81.

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors.  *See* <u>Bunnell v. Barnhart</u>, 336 F.3d 1112, 1116 (9th Cir. 2003)(affirming remand order based, in part, on ALJ's failure to provide adequate reasons for rejecting claimant's treating physicians' opinions).  On remand, the ALJ must correct the above-mentioned deficiencies and errors.

///
///
///
///
///
///
///
///
///
///
///

8

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED:  October 30, 2013

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

9